IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CORY JOHNSON, )
)
       Plaintiff, )
)
-vs- )
                                          Civil Action No. 06-1672
)
NEW BRIGHTON AREA SCHOOL DISTRICT, et al., )
)
       Defendants. )

AMBROSE, Chief District Judge.

## **OPINION and ORDER OF COURT**

### **SYNOPSIS**

Pending before the Court is a Motion to Dismiss Counts III, IV and the individual defendants from Plaintiff's Complaint. (Docket No. 6). Plaintiff has filed a Brief in Opposition thereto. (Docket No. 9). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, said Motion is denied.

### **I. BACKGROUND**

This action arises out of the disciplinary action taken against Cory Johnson by Defendants for making the remark: "If I were Osama, I would already have pulled a Columbine." At the time of the remark, Plaintiff was a senior in the New Brighton Area School District. Plaintiff was suspended for ten days for making the remark that Defendants viewed as a "terroristic threat." Plaintiff filed a Complaint asserting violations of his First Amendment rights (Count I), violation of his right to free speech pursuant to Article I §7 of the Constitution of Pennsylvania (Count II),

violation his of his right to due process under the Fourteenth Amendment (Count III), and a violation of the Pennsylvania School Code, 22 Pa. Code §12.6.[1] (Docket No. 1). In response, Defendants filed a Motion to Dismiss Counts III and IV and the individual Defendants. (Docket No. 6). Plaintiff has filed a Brief in Opposition thereto. (Docket No. 9). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard Of Review

In deciding a Motion to Dismiss all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in the light most favorable to the plaintiff. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3d Cir. 1988), *cert. denied,* 489 U.S. 1065 (1988); *Warth v. Seldin,* 422 U.S. 490, 501-02 (1975). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See, Miree v. DeKalb County, Ga.,* 433 U.S. 25, 27 n. 2 (1977). I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45 (1957).

---

[1]Section 12.6(b)(1) of the Pennsylvania Code provides, in pertinent part, as follows:

(b) Exclusion from school may take the form of suspension or expulsion.

(1) Suspension is exclusion from school for a period of from 1 to 10 consecutive school days....(iii) The parents or guardians and the superintendent of the district shall be notified immediately in writing when the student is suspended.

22 Pa. Code § 12.6(b)(1)(iii).

2

Standing is a jurisdictional requirement. *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231 (1990). Thus, in cases where the "case or controversy" standing requirement under Article III, §2 of the United States Constitution is at issue, the plaintiff bears the burden of proof. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992); *Pennsylvania Psychiatric Society v. Green Spring Health Services, Inc.,* 280 F.3d 278, 283 (3d Cir. 2002). At the motion to dismiss stage, "general factual allegations of injury resulting from the defendant's conduct may suffice...." *Lujan*, 504 U.S. at 561 (citation omitted).

**B. Due Process**

Defendants assert that Plaintiff's due process claim should be dismissed for failure to state a claim. (Docket No. 7, pp. 3-4). Specifically, Defendants argue that the suspension was for ten days, and "[t]here exists no right to appeal an administrative suspension of ten days or less." (Docket No. 7, p. 3). Further, Defendants contend that because the administration of the public school system is left to the discretion of the state and local authorities, Plaintiff must assert that the conduct of Defendants was arbitrary and capricious. (Docket No. 7, p. 4).

With regard to Defendants' first argument, I find they misconstrue Plaintiff's Complaint. Plaintiff is not appealing his suspension under Count III. Rather, he is asserting a constitutional violation of due process. *See,* Docket No. 1. As a result, I find no merit to Defendants argument in this regard.

With regard to Defendants' second argument, I have found no authority that Plaintiff must plead that Defendants' conduct was arbitrary and capricious to state

3

a claim for a due process violation. In the absence of the same, I decline to impose such a requirement. Consequently, Defendants' second argument lacks merit as well.

### C. Due Process Procedures

In a one paragraph argument, Defendants contend that Counts III and IV should be dismissed because Plaintiff had an informal hearing within 5 days of his suspension in compliance with the Pennsylvania Code, 22 Pa. Code §12.8.[2] (Docket No. 7, p. 4). This argument misconstrues Plaintiff's claims as well. Counts III and IV of Plaintiff's Complaint are based on the alleged failure to provide written notice, 22 Pa. Code §12.6, not an alleged failure to have a hearing. *See,* Docket No. 1, 31; Docket No. 9, pp. 2-4. Consequently, a dismissal based on this argument is not warranted.

### D. Failure to Exhaust

Defendants next argue that Count IV should be dismissed for failure to exhaust administrative remedies. (Docket No. 7, pp. 4-5). Specifically, Defendants argue that the School District is a political subdivision subject to Local Agency Law, 2 Pa. C.S. §101, *et seq.*, which requires an adjudication pursuant to the local agency law, 2 Pa. C.S. §553. Again, Defendants misconstrue Plaintiff's Complaint. Plaintiff is seeking damages and declaratory relief for alleged violations of his rights under the First and Fourteenth Amendments and the Pennsylvania School Code. *See,* Docket

---

[2]Section 12.8 of the Pennsylvania Code relates to a student's right to a hearing. 22 Pa. Code §12.8.

4

No. 1. He is not appealing his suspension. Thus, Plaintiff is not required to exhaust his administrative remedies, as there are no administrative remedies to exhaust. *See, Tyson v. School District of Philadelphia*, 900 A.2d 990, 991 (Pa. Cmwlth. 2006) ("a disciplinary suspension…is not an appealable local agency action"). Consequently, a dismissal based on this argument is not warranted.

### E. <u>Subject Matter Jurisdiction</u>

Defendants argue that this Court lacks subject matter jurisdiction to hear Plaintiff's appeal of his ten day suspension. (Docket No. 7, pp. 5-6). Again, as is evident from the Complaint, Plaintiff is not appealing his ten day suspension. Docket No. 1, ¶31. Rather, he is asserting that Defendants violated his rights under the Pennsylvania School Code by failing to provide written notice to his parents. *Id.* Counts I and III of Plaintiff's Complaint assert federal questions over which this Court has jurisdiction. 28 U.S.C. §1331. Thus, this Court has supplemental jurisdiction over Plaintiff's Pennsylvania School Code claim (Count IV). 28 U.S.C. §1367. Consequently, a dismissal based on this argument is not warranted.

### F. <u>Individual Defendants</u>

To assert a cause of action for personal liability under §1983, a plaintiff must assert that an official, acting under color of state law, deprived the Plaintiff of a federal right. *Pratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). A defendant in a civil rights action must have personal involvement. *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal

5

direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.*

Contrary to Defendants' fleeting conclusory sentence, there is no requirement to plead "deliberate indifference." (Docket No. 7, p. 7). Defendants' other argument, consisting of three sentences, asserts that Plaintiff has not sufficiently pleaded any personal involvement in the alleged deprivation of rights owed to Plaintiff. *Id.* After a review of the Complaint, I disagree. The Complaint is replete with allegations of the personal involvement of the individual Defendants. *See,* Docket No. 1, ¶¶22-33. Consequently, a dismissal based on this argument is not warranted.

### G. **Qualified Immunity**

Finally, Defendants assert that the individual Defendants are entitled to qualified immunity. (Docket No. 7, pp. 7-8). "Defendants are qualifiedly immune from suits brought against them for damages under section 1983, 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Sherwood v. Mulvihill,* 113 F.3d 396, 398-99 (3d Cir. 1997), *quoting Harlow v. Fitzgerald,* 457 U.S.800, 818 (1982). As a result, the individual Defendants must be arguing that they are shielded from liability by qualified immunity on the constitutional claims brought against them under §1983. Count I asserts that the individual Defendants violated the Plaintiff's First Amendment right and Count III asserts that the individual Defendants violated the

6

Plaintiff's Fourteenth Amendment right.  See, Complaint.  Thus, I will address the issue of qualified immunity within the confines of the those alleged constitutional violations.

In determining whether the individual Defendants are entitled to qualified immunity, I must resolve two issues: (1) has the plaintiff stated a violation of a constitutional or federal statutory right, and (2) if so, was that right clearly established, i.e., were the "contours of the right...sufficiently clear that a reasonable official would understand that what [he or she] is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987).  Under the first prong of the test, Plaintiff's  Complaint clearly alleges two constitutional violations: First and Fourteenth Amendment violations.  (Docket No. 1, Counts I and III).  Based on my review of the Complaint, Plaintiff has sufficiently alleged said constitutional violations.

Therefore, I must turn to the second prong of the test to determine if the individual Defendants are entitled to qualified immunity.  This prong requires me to consider the clearly established law with the information the individual Defendants possessed at the time of the alleged violation.  *See, Anderson,* 483 U.S. at 641.  Given the fact-specific nature of the required inquiry and Defendants failure to engage in any analysis of the same, resolution of the issue is inappropriate at this stage of the litigation.  Therefore, I find that a 12(b)(6) dismissal of the individual Defendants based on qualified immunity is not warranted.

*******************

## **ORDER OF COURT**

And now, this **20th** day of March, 2007, after careful consideration of Defendants' Motion to Dismiss Plaintiff's Complaint (Docket No. 6), it is ordered that said Motion (Docket No. 6) is denied.

The status conference set for this case on April 18, 2007, at 9:15 a.m. will proceed as scheduled.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge